**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC WIGGINS, | Civil Action No. 06-2899 (NLH) |
| Plaintiff, | |
| v. | O P I N I O N |
| SGT. D'AMBROSIO, et al., | |
| Defendants. | |

**APPEARANCES:**

> Eric Wiggins, Plaintiff pro se
> #467169
> East Jersey State Prison
> Lock Bag R
> Rahway, NJ 07065

**HILLMAN,** District Judge

Plaintiff Eric Wiggins, currently confined at the East Jersey State Prison, Rahway, New Jersey, seeks to bring this action in forma pauperis, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that Plaintiff's complaint will be dismissed, without prejudice.

## BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. The following facts are taken from Plaintiff's complaint and are assumed true for purposes of this review. Plaintiff names 11 defendants who appear to be officers or medical staff employees.

Although Plaintiff is currently a state inmate, his complaints refer to a time when he was housed in the Atlantic County Jail. Plaintiff states that in November, 2003, he was seen by the nurse at the jail for back pain, and was treated with Motrin. He was in such pain that he could not stand up straight to walk. He was not permitted to see a doctor. The next month, Plaintiff states that he fell while climbing stairs to the second floor to his cell. He was taken to medical to be seen by a nurse. Plaintiff was in so much pain that he had to hold the wall to walk. The nurse ordered that he be placed in a cell on the first floor, and that he be restricted from using the stairs.

On December 13, 2003, Plaintiff was seen by a doctor, who prescribed Naprosin for his pain, and told him to use a

2

wheelchair. On December 27, 2003, Plaintiff was ordered to sleep on the top bunk.

Plaintiff also states that on three occasions, he was denied his medication for HIV because the jail did not re-order the medication before running out of it. He states that he was "forced to take pills without complete combination."

Apparently, when he was later housed at Southwoods State Prison, Plaintiff became aware that he should have had MRIs and other lab work due to his condition. He notes that he has a herniated disc and sciatic nerve damage. He states that the doctors and nurses at the jail "should have done a better job."

Plaintiff asks for monetary and other relief.

## DISCUSSION

### A. Standard of Review

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A <u>pro se</u> complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Haines</u>, 404 U.S. at 521 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice. <u>See Alston v. Parker</u>, 363 F.3d 229 (3d Cir. 2004); <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

B.  **Section 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

4

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C. **Plaintiff's Complaint Will Be Dismissed, Without Prejudice.**

1. Medical Care Claim

As to Plaintiff's medical care claims, assuming Plaintiff was a pretrial detainee at the time of the alleged violations, "the proper standard for examining such claims is the standard set forth in Bell v. Wolfish . . .; i.e., whether the conditions of confinement (or here, inadequate medical treatment) amounted to punishment prior to an adjudication of guilt . . . ." Montgomery v. Ray, 145 Fed. Appx. 738, 740 (3d Cir. 2005); 2005 WL 1995084 (3d Cir. 2005)(unpubl.)(citing Bell v. Wolfish, 441 U.S. 520 (1979); Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005)). In Bell, the United States Supreme Court explained:

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee. For under the Due Process

> Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law. ...
>
> Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however. Once the government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention. ...
>
> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal--if it is arbitrary or purposeless--a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees. ...

441 U.S. at 535-39 (citations omitted). The Court further explained that the government has legitimate interests that stem from its need to maintain security and order at the detention facility. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting

6

trial." 441 U.S. at 540.  Retribution and deterrence, however, are not legitimate nonpunitive governmental objectives.  <u>See</u> <u>id.</u> at 539 n.20.  Nor are grossly exaggerated responses to genuine security considerations.  <u>See</u> <u>id.</u> at 539 n.20, 561-62.

In this case, Plaintiff has alleged no facts indicating that he was subjected to punishment as a pretrial detainee.  He states clearly that he had medical issues, was treated by both nurses and a doctor, was given medication, and he was seen in the medical unit.  While he questions the medical staff's decisions regarding his care, the facts, as alleged, do not indicate that his constitutional rights have been violated.  Plaintiff's allegations that he later discovered that he should have had an MRI or other lab work completed when he received his back injury may state a claim for medical malpractice under state law, but do not state a claim for a constitutional violation.[1]

2. <u>Statute of Limitations</u>

Further, a court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in

---

[1] The Court notes that even if Plaintiff was a convicted, sentenced prisoner while housed at the Atlantic County Jail, he has not stated a claim under the Eighth Amendment for denial of medical care, as he has not alleged facts indicating deliberate indifference by medical staff to his serious medical needs.  <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)(in order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege:  (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need).

7

the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted). Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss sua sponte under 28 U.S.C. § 1915(e)(2) a pro se civil rights claim whose untimeliness is apparent from the face of the Complaint. See, e.g., Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (holding, under former § 1915(d) in forma pauperis provisions, that sua sponte dismissal prior to service of an untimely claim is appropriate since such a claim "is based on an indisputably meritless legal theory"); Hall v. Geary County Bd. of County Comm'rs, 2001 WL 694082 (10th Cir. June 12, 2001) (unpub.) (applying Pino to current § 1915(e)); Rounds v. Baker, 141 F.3d 1170 (8th Cir. 1998)(unpubl.); Johnstone v. United States, 980 F. Supp. 148 (E.D. Pa. 1997) (applying Pino to current § 1915(e)). The requirements of 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity) and 42 U.S.C. § 1997e (governing actions brought with respect to prison conditions) that federal courts review and dismiss any complaint that fails to state a claim parallels the provision in 28 U.S.C. § 1915(e).

8

Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. See Wilson v. Garcia, 471 U.S. 261, 280 (1985). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Plaintiff's claims. See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989). Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. See Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987). Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application. See Wilson, 471 U.S. at 269.

New Jersey statutes set forth certain bases for "statutory tolling." See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable). New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has

9

"in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. See Freeman v. State, 347 N.J. Super. 11, 31 (App. Div.) (citations omitted), certif. denied, 172 N.J. 178 (2002). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. at n.9.

Here, according to the allegations of his complaint, Plaintiff's claims concerning his medical care appear to have accrued in late 2003. Plaintiff's complaint is dated June 23, 2006, more than two years later. Plaintiff alleges no facts or extraordinary circumstances that would permit statutory or

equitable tolling under either New Jersey or federal law. Thus, Plaintiff's claims appear to be time-barred.

## CONCLUSION

Plaintiff's complaint will be dismissed, without prejudice, for failure to state a claim upon which relief may be granted. The Court notes that "generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995)(quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)). In this case, if Plaintiff can correct the deficiencies of his complaint, he may file a motion to reopen these claims in accordance with the attached Order.

Plaintiff's pending motion for an extension of time to file his in forma pauperis application, filed on July 28, 2006, will be dismissed as moot, as Plaintiff filed his complete application on August 2, 2006.

An appropriate Order accompanies this Opinion.

_____
NOEL L. HILLMAN
United States District Judge

Dated: August 30, 2006
At Camden, New Jersey