**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ERIC WIGGINS, | Civil Action No. 06-2899 (NLH) |
| Plaintiff, |  |
| v. | **O P I N I O N** |
| SGT. D'AMBROSIO, et al., |  |
| Defendants. |  |

**APPEARANCES:**

> Eric Wiggins, Plaintiff pro se
> #467169
> East Jersey State Prison
> Lock Bag R
> Rahway, NJ 07065

**HILLMAN**, District Judge

Plaintiff has filed a motion for the appointment of counsel in this closed matter. For the following reasons, the motion will be denied.

On June 27, 2006, Plaintiff submitted a civil complaint and application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915 (docket entry 1). Plaintiff's complaint alleged that he had not received proper medical care while housed at a county jail.

1

This Court screened the Complaint to determine whether dismissal was warranted, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  On August 30, 2006, this Court entered an Opinion and Order granting Plaintiff's in forma pauperis application, dismissing Plaintiff's complaint, without prejudice, and closing the case (docket entries 6 and 7).  The Court advised Plaintiff in the August 30, 2006 Order that Plaintiff could file a motion to reopen his case within 45 days to address the deficiencies of his claims (docket entry 7).

On December 4, 2006, Plaintiff submitted a letter to the Court (docket entry 8).  The letter mentioned the caption of this case.  Plaintiff stated that he was housed in "Ad Seg," the Administrative Close Supervision Unit at the East Jersey State Prison.  He claimed that his property had been destroyed and the business office was delaying the release of his inmate account statement.  He asked this Court "what he should do" and asked for any forms, motions, and rules and for a "Pro Se Litigation Package."  Thus, as it appeared that Plaintiff may not have received this Court's August 30, 2006 Opinion and Order, on February 23, 2007, this Court ordered service of the Opinion and Order, and granted Plaintiff an additional 45 days to file his motion to reopen (docket entry 9).

On March 26, 2007, Plaintiff filed a motion to extend the time to reopen, again noting his problems with finding his property and the conditions at the prison (docket entry 11). This Court granted an additional 30 days to Plaintiff to file his motion to reopen. The Order, entered on April 20, 2007, stated that no further extensions would be granted (docket entry 16).

More than thirty days have elapsed since the Court's Order entered April 20, 2007. Plaintiff has not filed a motion to reopen his case. However, on May 11, 2007, Plaintiff filed a motion for the appointment of counsel (docket entry 17). Plaintiff asks for counsel because "the amount of work that needs to be done can't be accomplished by myself the pro se litigant. I'm not educated at all with civil suit."

For the following reasons, Plaintiff's motion for counsel will be denied. Plaintiff will be granted 30 additional days to submit his motion to reopen his case.

## DISCUSSION

Appointment of counsel under 28 U.S.C. § 1915(e)(1) may be made at any point in the litigation and may be made by the Court *sua sponte*. See Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994). The plaintiff has no right to counsel in a civil case. See id. at 153-54; Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).

3

In evaluating a motion to appoint counsel, the court must first examine the merits of Plaintiff's claim to determine if it has "some arguable merit in fact and law." See Tunnell v. Gardell, 2003 WL 1463394 at * 1 (D. Del. Mar. 14, 2003)(Slip Copy)(citing Parham, 126 F.3d at 457)(other citations omitted). If the court is satisfied that the claim is "factually and legally meritorious," then the following factors must be examined: (1) a plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of a plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether a plaintiff can attain and afford counsel on his or her own behalf. See id. (citing Parham, 126 F.3d at 457-58; Tabron, 6 F.3d at 155-56, 157 n.5).

However, a court should also consider other factors, such as the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do pro bono work, and the value of lawyers' time. See Tabron, 6 F.3d at 157-58.

In the instant case, Plaintiff's complaint was recently filed. His case is currently dismissed, although Plaintiff has repeatedly been given the opportunity to reopen it by correcting deficiencies laid out in this Court's August 30, 2006 Opinion and

Order.  The named defendants have not yet been served.  Further, whether or not the Plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of Parham's test particularly difficult to evaluate."  Chatterjee v. Philadelphia Federation of Teachers, 2000 WL 1022979 at *1 (E.D. Pa. July 18, 2000)(stating that unlike Parham, which concerned a directed verdict ruling, and Tabron, which involved summary judgment adjudication, Plaintiff's claims asserted in complaint and motions "have barely been articulated" and have distinctive procedural posture).

With regard to the Tabron/Parham factors, Plaintiff has not demonstrated at this stage of proceedings, the complexity of legal issues, the degree to which factual investigation will be necessary, or that he will be in need of expert witnesses. Likewise, in the case at issue, the Court finds that Plaintiff is capable of presenting the claims at this early stage.  He has presented to this Court without the assistance of counsel a Complaint asserting various points of law, requests for extensions of time to reopen, and the instant motion for appointment of counsel.

The Court recognizes that issues may arise in the course of this litigation, if Plaintiff moves to reopen the case, which may raise a question as to Plaintiff's need for counsel.  In that

5

case, the Court will consider a renewed motion for appointment of counsel.  At this point in the litigation, however, the Plaintiff's motion for appointment of counsel will be denied, without prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff's application for appointment of pro bono counsel will be denied, without prejudice to Plaintiff renewing the motion, if necessary, if the litigation proceeds.  An appropriate Order accompanies this Opinion.

s/Noel L. Hillman
NOEL L. HILLMAN
United States District Judge

Dated: May 31, 2007
At Camden, New Jersey